IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GAEDEKE HOLDINGS VII, LTD., ) <br> GAEDEKE OIL & GAS OPERATING, ) <br> L.L.C., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CODE WILLIAMS, ) <br> ) <br> Defendant. ) | Case No. 22-mc-208-HLT-TJJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Gaedeke Holdings VII, Ltd. and Gaedeke Oil & Gas Operating, L.L.C..'s Motion to Compel Compliance with Subpoena Duces Tecum Issued in Western District of Oklahoma (ECF No. 1). Gaedeke Holdings VII, Ltd. and Gaedeke Oil & Gas Operating, L.L.C. ("the Gaedeke Parties") seek an order requiring non-party Code Williams to produce additional documents responsive to the Gaedeke Parties' subpoena duces tecum issued in the Western District of Oklahoma and served pursuant to Fed. R. Civ. P. 45.[1] Mr. Williams opposes the motion. As set forth below, the Court will deny the Gaedeke Parties' motion.

**I.  Relevant Background**

The Gaedeke Parties served this subpoena in connection with two consolidated civil actions pending in the Western District of Oklahoma ("the Oklahoma cases"). Mr. Williams is not a party to nor is he the subject of any claim in either case. The Oklahoma cases include

---

[1] The Gaedeke Parties filed the motion in this District because Williams resides in Kansas (ECF No. 2 at 8).

allegations by the Gaedeke Parties that Grande Oil & Gas, Inc. and its principal Charles A. Swanson, who acted as land brokers and provided certain services related to the Gaedeke Parties' oil and gas interests, "engaged in a years-long fraudulent scheme to effectively embezzle in excess of two million dollars from the Gaedeke Parties."[2] From 2012 to November 2019, Mr. Williams was employed by Gaedeke Oil & Gas Operating, L.L.C. as Land Manager or Vice President of Land, and he has had no involvement with the Gaedeke Parties since his employment ended.[3]

On May 24, 2022, the Gaedeke Parties obtained personal service of a Rule 45 subpoena on Mr. Williams, a former employee of theirs and/or their affiliated entities. The subpoena contains fourteen requests for the production of documents. Mr. Williams, through counsel, contacted the Gaedeke Parties' counsel before the response deadline and garnered an agreement for an extension until June 17, 2022 to respond. On that date, Mr. Williams served responsive documents and written objections. Counsel continued to confer through mail and multiple telephone conversations, and ultimately Mr. Williams made supplemental productions.

Mr. Williams has produced all documents in his possession in response to three of the requests,[4] and stated he has no documents responsive to six requests.[5] In their motion, the Gaedeke Parties move to compel production of documents in relation to the five remaining requests. But Mr. Williams indicates in his response that he has committed to produce all

---

[2] ECF No. 2 at 2.

[3] ECF No. 8 at 4.

[4] Request Nos. 3, 7, and 9.

[5] Request Nos. 4, 5, 6, 8, 13, and 14.

documents in his possession, custody, or control responsive to two of the requests (Nos. 1 and 2), leaving only Request Nos. 10, 11, and 12 at issue.

Although Mr. Williams contends the motion is untimely, the Court disagrees. Counsel conferred repeatedly through mail, email, and by phone, from shortly after Mr. Williams received the subpoena until September 7, 2022, when Mr. Williams rejected a final compromise offer. The Gaedeke Parties filed the instant motion twenty-two days later, within the deadline imposed by D. Kan. Rule 37.1 and after meeting the conferral requirements of D. Kan. Rule 37.2.

## II. Legal Standard

In issuing a subpoena, a party must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[6] Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[7]

Federal Rule of Civil Procedure 45 governs both motions to compel compliance with and motions to quash a subpoena served on a non-party. Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. If the non-party wishes to challenge the subpoena, it does so by filing a motion to quash. Rule 45(d)(3) sets forth circumstances under which a court must quash or modify a subpoena, including when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver

---

[6] Fed. R. Civ. P. 45(d)(1).

[7] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-mc-224-CM-TJJ, 2016 WL 6996275, at *3 (D. Kan. Nov. 30, 2016) (citing *Speed Trac Techs., Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008)).

applies," and when the subpoena "subjects a person to undue burden."[8] The rule also allows a court discretion to quash or modify a subpoena that requires the disclosure of a "trade secret or other confidential research, development, or commercial information."[9]

"The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[10] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[11] Information still "need not be admissible in evidence to be discoverable."[12] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the

---

[8] Fed. R. Civ. P. 45(d)(3)(A).

[9] Fed. R. Civ. P. 45(d)(3)(B).

[10] *In re Syngenta AG MIR 162 Corn Litigation*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)).

[11] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[12] Fed. R. Civ. P. 26(b)(1).

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

burden to show the relevancy of the request.[14] Relevancy determinations are generally made on a case-by-case basis.[15] And Rule 26(b)(2)(C) provides "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[16]

**III.   Analysis**

The three requests which remain at issue are Nos. 10, 11, and 12, which state as follows:

10. Please produce your federal and state income tax returns for the years 2012 to the present.

11. For all accounts held, used, or maintained by you or on your behalf, including any and all suspense accounts, at any bank, savings & loan association, broker or investment institution, or financial institution, at any time from 2012 to the present, please produce all monthly account statements from 2012 to the present.

12. For the years 2012 to the present, please produce all federal and state income tax returns of any corporation, limited liability company, partnership, limited partnership, professional corporation, or other business entity or organization in which you currently have an ownership interest, or in which you had an ownership interest at any time from January 1, 2012 to the present.

Mr. Williams stated the same objection to each request. "Williams objects to [this request] because it seeks documents that are beyond the scope of discovery as set forth in Fed. R. Civ. P. 26(b)(1). The request seeks information that is (1) sensitive and/or private in nature, and (2) irrelevant to the claims in dispute. Williams further objects because the request is overly broad and unduly burdensome, especially considering Williams' status as a non-party."[17]

---

[14] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[16] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[17] ECF No. 1-3 at 6.

The Gaedeke Parties assert the requests seek information relevant to their claims in the Oklahoma cases. But their recitation of the "facts and allegations" in those cases is long on allegations against parties to those cases and short on facts as they relate to Mr. Williams. In approximately 2013, Grande and Mr. Swanson undertook to perform land brokerage and due diligence services for the Gaedeke Parties related to oil and gas interests, primarily in Oklahoma. The Gaedeke Parties contend Grande and Mr. Swanson engaged in a "years-long" pattern of "egregious misconduct" including submitting false checks, false canceled checks, and false invoices, causing damages of not less than $2,441,63.96. They point to two invoices Grande submitted for extensions of oil and gas leases, along with the supporting documentation for each comprising checks on Grande's account made payable to the lessors but never delivered to them. The Gaedeke Parties describe this as fraudulent conduct. Although the Gaedeke Parties do not explicitly accuse Mr. Williams of participating in the alleged fraud, they point to Grande's discovery responses that Mr. Williams and another Gaedeke employee were "both fully apprised and agreeable" to Grande's conduct. But the Gaedeke Parties omit the rest of Grande's discovery response which explains the reason the checks were not delivered is because Grande was only able to secure shorter lease extensions than they hoped, so they wrote smaller checks to each lessor and retained the rest of the invoiced amount in the event they were able to negotiate longer extensions. It is the entire scenario with the lessors Mr. Williams and another Gaedeke employee knew about and agreed to, according to Grande, and not just the non-delivery of checks.

The Gaedeke Parties also allege another defendant in the Oklahoma cases, Stamps Brothers Oil & Gas, LLC, obtained significant funds from the Gaedeke Parties for oil and gas

lease conveyances that were either materially deficient or did not occur at all. But other than to mention this defendant, the Gaedeke Parties make no allegation linking Mr. Williams to Stamps Brothers in any manner.

The Gaedeke Parties assert that while they employed him, Mr. Williams worked closely with Mr. Swanson. But that is not enough to show Mr. Williams is connected to "apparently illicit conduct" as they suggest.[18] In addition, the Court rejects the Gaedeke Parties' insinuation that any income Mr. Williams might have received other than his salary is evidence he facilitated Mr. Swanson's misconduct in exchange for a share of the proceeds. The Court will not attribute the alleged conduct of others to Mr. Williams simply because the motion uses inflammatory language.

In sum, the Court finds the Gaedeke Parties have failed to demonstrate the information sought in Request Nos. 10, 11, and 12 is relevant. The Court further finds Request Nos. 10, 11, and 12 impose an undue burden on Mr. Williams, a non-party, who provided timely responses and objections to the remaining requests and who conferred in good faith concerning his objections.

Mr. Williams asks the Court to impose an appropriate sanction, including reasonable attorney's fees, on Plaintiffs for failing to take reasonable steps to avoid imposing undue burden or expense on him. Rule 45(d)(1) requires the Court to impose an appropriate sanction upon finding reasonable steps were not taken. Although the Court has determined the Gaedeke Parties exceeded the scope of relevance in Request Nos. 10, 11, and 12, they too conferred in good faith and the Court finds their efforts reasonable.

---

[18] *See* ECF No. 2 at 10.

**IT IS HEREBY ORDERED** that Gaedeke Holdings VII, Ltd. and Gaedeke Oil & Gas Operating, L.L.C..'s Motion to Compel Compliance with Subpoena Duces Tecum Issued in Western District of Oklahoma (ECF No. 1) is denied.

**IT IS FURTHER ORDERED** that Code Williams's request for sanction is denied.

**IT IS SO ORDERED.**

Dated this 29th day of December, 2022 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge